IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:17-350-JFA |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | OPINION & ORDER |
| CHRISTOPHER DONNELL BROWN | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 877). The defendant raises several claims in support of his motion for compassionate release: (1) his conviction for simple possession of crack cocaine should not qualify as a predicate for career offender designation; (2) there is a disparity in his sentence regarding the crack to cocaine powder ratio; (3) there was a lack of evidence sufficient to convict him and increase his sentence; (4) he has become rehabilitated; and (5) the § 3553(a) factors weigh in his favor.

The government has responded in opposition to the motion, and the defendant has replied thereto.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is denied.

STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release.

Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that,

when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the Bureau of Prisons (BOP) bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not dispute that the defendant has exhausted his administrative remedies.  Thus, the court will proceed to review the matters on the merits.

PROCEDURAL HISTORY

On December 20, 2017, the defendant and four other individuals were charged in a 32-count Superceding Indictment (ECF No. 347) for their involvement in the distribution of crack cocaine, cocaine, heroine, and fentanyl throughout the Columbia, South Carolina area from January 1, 2007 and continuing thereafter up to and including the date of the Superseding Indictment.

The defendant was charged in Counts 1, 2, 7–16, and 31–32.  Briefly, Count 1 charged the defendant and others with being involved in a drug conspiracy involving 5 kilograms or more of cocaine and 280 grams of cocaine base in violation of 21 U.S.C. § 846.  Counts 2

through 16 involved the possession with intent to distribute illegal drugs on various dates. Counts 31 and 32 charged the use of a phone to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b).

The government filed an Information pursuant to 21 U.S.C. § 851 (ECF No. 307) notifying  the defendant that he was subject to enhanced penalties based on his two prior convictions for distribution of crack cocaine; two counts of distribution of crack cocaine in the proximity of a school; possession of marijuana; and possession with the intent to distribute crack cocaine.[1]

On October 1, 2018, the defendant pleaded guilty to Count 16 of the Superseding Indictment pursuant to a written Plea Agreement (ECF No. 507).  Count 16 charged the defendant with possession with the intent to distribute and distribution of a quantity of crack cocaine on February 6, 2015, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851.[2]

The United States Probation Office (USPO) prepared a Presentence Report (PSR) (ECF Nos. 599, 606) using the 2018 Guidelines Manual. The defendant's subtotal criminal

---

[1] The Information set out the prior convictions as follows: (a) distribution of crack cocaine, 96-GS-40-17460, sentence date May 8, 1997; (b) distribution of crack cocaine in proximity of a school, 96-GS-40-17461, sentence date May 8, 1997; (c) distribution of crack 1st, 96-GS-40-17462, sentence date May 8, 1997; (d) distribution of crack cocaine in proximity of a school, 96-GS-40-17463; (e) possession of marijuana, 2002-GS-40-5101, sentence date April 30, 2002; and (f) possession with the intent to distribute crack cocaine 1st, 2006-GS-40-4106, sentence date March 30, 2010 (ECF No. 307).

[2] On October 2, 2018, prior to receiving the defendant's signed plea agreement, the government sought a Second Superseding Indictment (SSI) against the defendant which removed Count 31.  However, the SSI was never filed nor was the defendant arraigned on the SSI.  His plea to Count 16 was from the charges in the Superseding Indictment (ECF No. 347).

history score was 6. Two points were added pursuant to U.S.S.G. § 4A1.1(d) because the defendant committed the instant offense while on probation for possession with intent to distribute crack cocaine.[3] The criminal history score of 8 placed the defendant in criminal history category IV.

The defendant's adjusted offense level was 30. Because he had been convicted of at least two prior felony convictions of a controlled substance, the defendant was determined to be a career offender under U.S.S.G. § 4B1.1(b)(2). The Chapter Four enhancement raised his offense level from 30 to 34. It also increased his criminal history category from IV to VI. Thus, with an offense level of 34, and a criminal history category of VI, the defendant's guideline range was 262 to 327 months.[4] The defendant's total combined converted drug

---

[3] The conviction for which the defendant was on probation related to the possession with intent to distribute crack cocaine on May 20, 2006 (ECF No. 606, ¶ 56). On June 10, 2024, the USPO prepared a Sentence Reduction Report (SRR) (ECF No. 876) in light of recent amendments to the Sentencing Guidelines. In particular, Retroactive U.S. Sentencing Guideline § 4A1.1(e), took effect November 1, 2023. Part A of the amendment addresses "Status Points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of 2 offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Under Amendment 821, the defendant's total offense level remains at 32. The defendant's criminal history points are decreased from 8 to 6 (U.S.S.G. § 4A1.1(e)). However, due to the career offender status, the defendant's criminal history category remains at VI and his reduced guideline range remains at 210 to 262 months. Amendment 821 does not apply to the defendant's sentence because it does not have the effect of lowering the defendant's applicable Guideline range under U.S.S.G. § 1B1.10(a)(2)(B). Although the USPO prepared SRRs for the court on all defendants in custody who received status points at sentencing, the defendant did not file a separate motion requesting relief under Amendment 821.

[4] In the initial PSR (ECF No. 599) prepared before sentencing, the recommendation was based on a criminal history category of VI and an offense level of 34. During sentencing, the court allowed the defendant two points for acceptance of responsibility which decreased his offense level to 32 and thus reduced the Guidelines range down to 210 to 262 months. Such revised recommendations are set out in the final PSR filed under seal after sentencing (ECF No. 606).

weight was 1,745.03 kilograms.

At his June 3, 2019 sentencing, the defendant raised several objections to the PSR. The court ultimately sustained one of the objections, overruled some of the objections, and the government withdrew some of its opposition to the other objections. The court sustained the defendant's objection to not receiving a reduction for acceptance of responsibility which resulted in a two-level decrease in his offense level from 34 to 32. This produced an amended guideline range of 210 to 262 months. This court sentenced the defendant to 262 months imprisonment and 6 years of supervised release.

The defendant appealed his conviction and sentence which the Fourth Circuit Court of Appeals dismissed in part and affirmed in part in its one page judgment and mandate (ECF No. 665).[5]

In June 2021, the defendant filed, through counsel, a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The defendant sought to vacate his sentence for ineffective assistance of both his trial and appellate counsel. Ultimately, this court found that counsel was not ineffective and granted the government's motion for summary judgment. The Fourth Circuit Court of Appeals dismissed the defendant's appeal of this court's denial of the defendant's § 2255 motion (ECF No. 855) because the defendant filed his notice of appeal seven months beyond the appeal period.

---

[5] The government notes in its opposition memorandum that the defendant waived his right to appeal his conviction and sentence in his plea agreement and the government moved to dismiss his appeal to the Fourth Circuit on this basis.

On January 17, 2025, President Biden signed an Executive Grant of Clemency reducing the defendant's sentence from 262 months to 160 months and leaving intact the remaining portion of his sentence and supervision. The defendant is now 46 years old and has received credit for time served on his sentence since May 2, 2017. The defendant has served approximately 100 months of his 262-month sentence. According to the BOP inmate locator website,[6] the defendant is presently being housed at the RRM Raleigh with an anticipated release date of August 25, 2027.

## DISCUSSION

The defendant filed his *pro se* motion for compassionate release on January 13, 2025. The government opposes the motion, arguing that the defendant has not established an extraordinary and compelling reason to support a sentence reduction and that the relevant § 3553(a) factors counsel against release.

### I. *No Longer a Career Offender*

The defendant's first claim is that his prior conviction for simple possession of crack cocaine should not have been used to qualify as a predicate for career offender status. The defendant asserts that the "1st offense" designation should have been a conviction for simple possession, pointing to the addendum which states "the court documents reflect the defendant was initially charged with possession with intent to distribute crack cocaine, third offense, but the sentence sheet reflects the defendant entered a guilty plea to the lesser included

---

[6] *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last accessed September 18, 2025.

offense noted above." (ECF No. 877-1 at 6).

The government asserts that the defendant is in error. The defendant was determined to be a career offender based upon convictions for distribution of crack cocaine, 1st offense, and possession with the intent to distribute crack cocaine, 1st offense. The government argues that the defendant pleaded guilty to possession with intent to distribute crack cocaine, 1st offense, which is a lesser included offense to possession with the intent to distribute crack cocaine, 3rd offense, which was reduced to 1st offense. According to the government, the defendant has not shown that he was convicted of simple possession such that he would have been sentenced differently if he was sentenced today. The government maintains that this conviction is a controlled substance offense that would qualify under the career offender guidelines today.

This court agrees with the government and finds no extraordinary and compelling reason for a sentence reduction on this basis.

## II. *Crack Cocaine Disparity*

The defendant contends if he were sentenced today that his sentence would be lower because it would be based on a 1:1 ratio rather than an 18:1 ratio of crack cocaine to powder cocaine.

The government counters that under the statutes the defendant was convicted— 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)—both cocaine and crack cocaine are considered in the same way without a disparity.

This court agrees with the government that there was no disparity at the time the defendant was sentenced.

Moreover, as the government points out, the defendant's sentence was not a result of the amount of crack cocaine he distributed, rather it was due to his designation as a career offender.[7]  The government also asserts that without the career offender designation, the defendant's potential sentence would have been higher.

### III.  *Lack of Evidence for Conviction and Error in Guideline Calculation*

The defendant next contends that he was subject to a "significant error in his Guideline calculation and lack of evidence as admitted within the PSR."  He contends that from the totality of these errors, his sentence should be between 120 and 150 months, not the 262-month sentence he is currently serving.

In his supplement to his motion for compassionate release (ECF No. 887), the defendant contends that the crux of his career offender argument at the time of his sentencing is that his conspiracy offense says that the conspiracy began on or around the beginning of 2007 and that his prior conviction was from September 2010 (for conduct that occurred in May 2006).  Thus, the defendant argues that it was only 7 months prior to the start of the conspiracy and that he should not be treated as a career offender because his involvement in the conspiracy began as relevant conduct back in 2007.  He again claims that he is not a

---

[7] U.S.S.G. § 4B1.1(a) established the defendant as a career offender because the defendant was over the age of 18 at the time of the offense, he pleaded guilty to a controlled substance offense under 21 U.S.C. § 841(a)(1), and he had two prior convictions for a controlled substance offense.

career offender, citing *United States v. Norman*, 935 F.3d 232-239 (4th Cir. 2019).

A review of the sentencing transcript in this case (ECF No. 632) reveals that the defendant raised these very same arguments before the court at sentencing and this court overruled the defendant's objection.

In *Norman*, the Court found "that because the definition of 'conspiracy' in 21 U.S.C. § 846 is broader than the definition of the generic crime of conspiracy, [a] conspiracy conviction does not qualify as a 'controlled substance offense' under the Guidelines."). However, the defendant pleaded guilty to Count 16 which charged possession with the intent to distribute and distribution of a quantity of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851. *Norman* is inapplicable because the defendant pleaded guilty to a non-conspiracy offense.

The defendant also complains that he was sentenced "equivalent to murder." The court will construe this statement as a claim that his sentence was unusually long. U.S.S.G. § 1B1.13(b)(6) recognizes that a non-retroactive change in the law may be an extraordinary and compelling reason to modify a sentence if: (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

Here, however, the defendant has not served the requisite 10 years such that this court could consider any claims he may have to modify his sentence based on *Norman,* if it

applied.  The defendant has not identified  any other change in intervening law.

The government states it is not clear whether the defendant is attacking his conviction and sentence based upon the evidence in his case or the use of evidence in determining his Guidelines.  If the defendant is attacking his conviction based upon lack of evidence, the government moves to dismiss the motion for compassionate release for violating paragraph 7 of his Plea Agreement.

In *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022), the Court held that a defendant may not evade limits on post conviction relief by simply filing a motion for compassionate release.  Here, it appears to this court that the defendant is attacking his sentence and claiming error in the calculation of his Guideline sentence. *Ferguson* noted that § 2255 is "the exclusive remedy for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, unless § 2255 is inadequate or ineffective, in which case a defendant may file a 28 U.S.C. § 2241 petition." *Id*.

The defendant has already filed an appeal of his conviction—which was dismissed due to the appeal waiver in his plea agreement—and he has already filed an unsuccessful § 2255 petition claiming ineffective assistance of counsel.  Should the defendant wish to challenge his sentence and the Guideline calculations again via § 2255, he must receive permission from the Fourth Circuit Court of Appeals to file a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)).

IV. *Rehabilitation and Post-Sentencing Conduct*

The defendant claims that his rehabilitation while at the BOP is an extraordinary and compelling reason for relief. Rehabilitation of the defendant is not, in itself, an extraordinary and compelling reason for purposes of the policy statement as set out in 28 U.S.C. § 994(t) and U.S.S.G. § 1B1.13(d). However, rehabilitation may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of sentence is warranted. *Id.*

The defendant asserts that he is fully rehabilitated. He notes that he has completed his Commercial Driver's License training; extensive hours on polished concrete floor covering; self improvement classes on brain health; completed the Threshold faith-based mentoring program and the Non-Residential Drug Abuse Program; took part in the "Biggest Loser" class; and was involved in the Frontline Response team to assist AIC's in crisis. He also asserts that he saved the life of another AIC while he has been in custody. The defendant states that he is in "out" custody at a minimum security level with a pattern score of low. He is involved in an HVAC apprenticeship program and he is currently working out in the Atlanta community. He avers that he has had no disciplinary infractions.

As this court finds no other extraordinary and compelling reasons for consideration of compassionate release, this court may not award a reduction solely on this basis. The court does, however, commend the defendant for his motivation toward rehabilitation and accomplishments while at the BOP.

As this court has not found an extraordinary and compelling reason for compassionate release, it is not required to re-analyze the § 3553(a) factors that are set out in the sentencing transcript in this case (ECF No. 632).

## V. *Family Circumstances*

The defendant states that he is the father of five children and that during his incarceration, his children have been forced to live in depraved conditions with gun violence, mental illness, and poverty. Sadly, this led to the death of his 15 year old son in January 2022. The defendant states that he can make a real difference in stabilizing and guiding his children and supporting them upon supervised release.

The defendant does not provide any proof that he is the sole care giver for his children, thus this claim does meet the standards set out in U.S.S.G. § 1B1.13(b)(3)(B).

## CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the foregoing reasons, the court determines that the defendant has not presented an extraordinary and compelling reason for a reduced sentence. The defendant's motion for compassionate release is respectfully denied (ECF No. 877).

      IT IS SO ORDERED.

September 24, 2025                    Joseph F. Anderson, Jr.
Columbia, South Carolina           United States District Judge